


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**HUDSON INSURANCE COMPANY,**
**a Delaware corporation,**

**Plaintiff,**

**v.** **Civil Action No.** 2:14cv295

**EASTERN SUN ENTERPRISES, INC.,**
**a Virginia corporation,**

**GORDON R. GEIGER,**

**and**

**JUDITH A. GEIGER,**

**Defendants.**

## COMPLAINT FOR INDEMNITY

The plaintiff, Hudson Insurance Company, by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, files its Complaint for Indemnity (the "Complaint") against the defendants.

### THE PARTIES

1. Hudson Insurance Company ("HIC") is a corporation duly organized and existing under the laws of the State of Delaware, and maintains its principal office and place of business in the State of New York. HIC is duly authorized to engage in the surety business in the Commonwealth of Virginia.

2. The defendant, Eastern Sun Enterprises, Inc. ("Eastern Sun"), is a corporation duly organized and existing under the laws of the Commonwealth of Virginia which, upon

information and belief, maintains its principal office and place of business at 851 Seahawk Circle, Suite 106, Virginia Beach, Virginia 23452 (City of Virginia Beach).

3. The individual defendant, Gordon R. Geiger, is and was at all times pertinent to this proceeding the president of Eastern Sun and an individual citizen of the Commonwealth of Virginia. Upon information and belief, Mr. Geiger resides at 1784 Olympic Drive, Virginia Beach, Virginia 23453 (City of Virginia Beach).

4. The individual defendant, Judith A. Geiger, is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Virginia. Upon information and belief, Mrs. Geiger resides at 1784 Olympic Drive, Virginia Beach, Virginia 23453 (City of Virginia Beach).

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that (a) HIC is a citizen of the State of Delaware, (b) Eastern Sun is a citizen of the Commonwealth of Virginia where it maintains its principal place of business, (c) Mr. Geiger is a citizen of the Commonwealth of Virginia, and (d) Mrs. Geiger is a citizen of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 as all of the defendants reside within this district and division.

## STATEMENT OF FACTS

7. This Complaint seeks to enforce the unconditional rights of HIC, as surety, under a General Indemnity Agreement, and to enforce the respective contractual obligations of Eastern Sun, Gordon R. Geiger and Judith A. Geiger to, among other things and upon demand, exonerate

and indemnify HIC by immediately reimbursing it for any and all losses in relation to contract payment and performance bonds HIC issued in connection with the construction of the C-5 Formal Training Unit Facility at the Dover Air Force Base in Dover, Delaware, Contract No. W912BU-12-C-0018 (the "C-5 Formal Training Unit Project").

**Establishment of the Surety Relationship**

8. On or about January 30, 2012, (a) HIC, as surety, (b) Eastern Sun, as principal and corporate indemnitor, (c) Gordon R. Geiger, in his individual capacity as personal indemnitor, and (d) Judith A. Geiger, in her individual capacity as personal indemnitor (Eastern Sun, Mr. Geiger and Mrs. Geiger are sometimes collectively referred to as the "Indemnitors") entered into a written General Indemnity Agreement ("GIA") under the terms and conditions of which each of them, jointly and severally, promised and bound themselves to exonerate and indemnify HIC, and to hold it harmless from and against, among other things, any and all claims, damages, expenses and losses of every nature which HIC might sustain or incur, or for which it may become liable by reason of, among other things, having executed or procured the execution of any bonds or obligations on behalf of Eastern Sun. A true and accurate copy of the January 30, 2012 GIA is attached as Exhibit 1 and is incorporated by reference as if specifically set forth in this Complaint.

**The C-5 Formal Training Unit Project**

9. On or about May 7, 2012, Eastern Sun entered into a general contract with the United States Army Corps of Engineers (the "Corps"), an agency of the United States of America (the "United States"), under the terms and conditions of which Eastern Sun agreed to design and construct the C-5 Formal Training Unit Project.

10. In reliance upon the terms and conditions of the GIA, and the promises of the Indemnitors to exonerate and indemnify it for any and all losses, HIC considered and approved the request of Eastern Sun for the issuance of contract payment and performance bonds for the C-5 Formal Training Unit Project.

11. In accordance with the terms and conditions of the general contract, and the provisions of *The Miller Act*, 40 U.S.C. §§ 3131, *et seq*, Eastern Sun furnished its contract performance and payment bonds dated May 10, 2012 as issued by HIC, as surety, naming Eastern Sun as its principal and co-obligor, and the United States as its obligee, each in the amount in the amount of $2,084,811.00 (Bond Nos. HGMA-10-203-047). The performance bond was issued to secure Eastern Sun's performance of its obligations to the United States under the general contract, and the payment bond was issued for the protection of all persons who qualify as proper claimants who supplied labor and/or materials directly to Eastern Sun or one its subcontractors in connection with the construction of the C-5 Formal Training Unit Project. Copies of the contract payment and performance bonds are attached as Exhibits 2a and 2b, respectively, and are incorporated by reference as if specifically set forth in this Complaint.

12. As a result of a dispute between the United States and Eastern Sun, the Corps issued its Notice to Cure dated September 12, 2013 which directed Eastern Sun to cure certain deficiencies lest its right to proceed under the general contract be terminated for default. A true and accurate copy of the Notice to Cure is attached as Exhibit 3 and is incorporated by reference as if fully set forth in this Complaint.

13. On October 4, 2013 HIC, Eastern Sun and Mr. Geiger traveled to Philadelphia and met with the Corps to discuss the issues in an effort to resolve any performance disputes between

Eastern Sun and the Corps. Unable to resolve the issues and being advised that Eastern Sun had essentially ceased doing business, HIC, with the input, consent and ratification of Eastern Sun and Mr. Geiger, ultimately settled the performance issues and paid to the Corps the amount of $416,991.70, a sum representing the amount of contract funds which the Corps had previously paid to Eastern Sun for work performed in connection with the C-5 Formal Training Unit Project. In addition, the Corps was permitted to retain the amount of $21,856.70 which is was holding in contract retainage under the terms of the general contract. In exchange, the Corps agreed, in lieu of a termination for default, to exercise its right to terminate Eastern Sun's right to complete the contract for convenience. True and accurate copies of (a) the Settlement Agreement and Mutual Release between the Corps, on the one hand, and HIC and Eastern Sun, on the other, (b) the Amendment of Solicitation/Modification of Contract, (c) HIC's December 23, 2013 check (Check No. 0032205) in the amount of $416,991.70 and (d) the letter dated February 28, 2014 transmitting the check are collectively attached as Exhibit 4 and are incorporated by reference as if fully set forth in this paragraph.

14. In connection with the performance of its obligations to the Corps under the general contract, Eastern Sun entered into various subcontracts with numerous subcontractors, laborers and materialmen. Notwithstanding its receipt of contract funds from the Corps, Eastern Surety failed to satisfy a number of its payment obligations to its subcontractors and, upon information and belief, used the funds for other obligations notwithstanding its obligation to hold the funds in trust for the benefit of and for payment of its labor, material and supply obligations on the C-5 Formal Training Unit Project and for which HIC might be liable, and the performance of Eastern Sun's or HIC's obligations to the Corps on the project.

15. As Eastern Sun's contract bond surety on the C-5 Formal Training Unit Project, HIC has been presented with claims and has incurred significant damages in the form of attorneys' fees, costs and expenses investigating and attempting to resolve them.

16. As of the date of the filing of this Complaint, HIC has sustained principal losses under its contract performance bond in the amount of $416,991.70. In addition, HIC has also incurred significant (a) consultants' fees, costs and expenses, and (b) attorneys' fees, costs and expenses as a result of the issuance of its bonds.

17. Under the terms and conditions of the GIA, the Indemnitors, jointly and severally, are obligated to exonerate and indemnify HIC from and against any and all liabilities, losses, damages, charges, expenses, costs, consultants' fees, and attorneys' fees as the result of the issuance of any bonds on behalf of Eastern Sun.

18. HIC has called upon the Indemnitors to address their obligations to indemnify it for the losses it has sustained under the performance bond, and the consultants' and attorneys' fees, costs and expenses it has incurred as a result of its issuance of the contract performance and payment bonds on the C-5 Formal Training Unit Project, which demands the Indemnitors have wholly ignored and/or have otherwise failed to honor.

**COUNT I**
**BREACH OF CONTRACT**

19. HIC restates and incorporates the allegations set forth in ¶¶ 1 through 18 above as if specifically set forth in this paragraph.

20. Under the terms and conditions of the January 30, 2012 GIA, Eastern Sun, Mr. Geiger and Ms. Geiger are obligated, jointly and severally, to exonerate and indemnify HIC from and against any and all liabilities, losses, damages, costs, charges, expenses and attorneys' fees

incurred as a result of the issuance of any bond on behalf of Eastern Sun.

21. As a result of its issuance of the bonds on behalf of Eastern Sun in connection with the C-5 Formal Training Unit Project, HIC has (a) sustained principal losses under the performance bond in the amount of $416,991.70, and (b) incurred additional losses in the form of consultants' and attorneys' fees, costs, and expenses, investigating and addressing the various performance and payment bond claims, and (c) anticipates possible additional losses in the form of payment bond claims, and additional consultants' and attorneys' fees, costs and expenses.

22. HIC has called upon the Indemnitors on a number of occasions, both orally and in writing, to address and satisfy their indemnity obligations. Notwithstanding a number of demands, the Indemnitors have wholly failed and/or refused to address them whatsoever.

23. The failure and/or refusal of Eastern Sun, Mr. Geiger and Ms. Geiger to respond to HIC's demands, and to indemnify, exonerate and hold HIC harmless under the terms and conditions of the GIA constitutes a default and a material breach of contract, the direct and natural result of which has caused HIC to sustain significant damages.

WHEREFORE, HIC seeks judgment against Eastern Sun Enterprises, Inc., Gordon R. Geiger and Judith A. Geiger, jointly and severally, (1) in the principal amount of $416,991.70 for the principal losses it has paid under the performance bond in connection with the C-5 Formal Training Unit Project, (2) for all of its consultants' and attorneys' fees, costs, and expenses incurred, and (3) interest at the pre-judgment rate as authorized by the *Code of Virginia*, as well as, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the GIA.

## COUNT II
## BREACH OF FIDUCIARY DUTY

24. HIC restates and incorporates the allegations as set forth in ¶¶ 1 through 23 above as if specifically set forth in this paragraph.

25. Under the terms and conditions of the GIA, Eastern Sun, Mr. Geiger and Ms. Geiger, and each of them, agreed that

> all monies earned by [Eastern Sun] under any Contract are trust funds, whether in the possession of [Eastern Sun] or otherwise, for the benefit of, and for payment of [Eastern Sun's] obligations for labor, material and supplies furnished to [Eastern Sun] in performance of such Contract for which [HIC] would be liable under any Bond on such Contract, and the performance of [Eastern Sun's] or [HIC's] obligations to any obligee on such Contract.

GIA, ¶ 4 at p. 3.

26. Under the terms and conditions of the GIA and its corresponding trust fund provisions, Eastern Sun, Mr. Geiger and Ms. Geiger intended to and in fact created under the GIA an actual, equitable or constructive trust and owed a fiduciary duty to HIC to preserve the integrity of the contract funds Eastern Sun earned and received in connection with the C-5 Formal Training Unit Project, and to apply them solely for the payment of Eastern Sun's payment obligations to its subcontractors, laborers and materialmen on the project, and for the performance of the obligations of Eastern Sun and/or HIC under the contract and/or bonds.

27. Not all of the contract funds which were to be held in trust were used by the Indemnitors to satisfy the obligations set forth in the immediate preceding paragraph, but were used for other purposes other than the payment and performance obligations on the C-5 Formal Training Unit Project.

28. The Indemnitors acted intentionally with knowledge that their actions were improper and in breach of their fiduciary duties in handling the trust funds for the benefit of HIC, and/or acted with a conscious disregard and were willfully blind to a substantial and unjustifiable risk in carrying out their fiduciary duties in handling the trust funds for the benefit of HIC. Moreover, Eastern Sun is and has been insolvent or in a failing condition since it began receiving contract funds and, as a result, any fiduciary duties they owed to their stockholders, officers and directors shifted and were owed to HIC as their creditor.

29. Eastern Sun, Mr. Geiger and Ms. Geiger have failed to fulfill their fiduciary duties under the GIA as many of the contract funds earned and received by Eastern Sun have been used for purposes other than the intended purposes in relation to the C-5 Formal Training Unit Project. In addition, Eastern Sun, Mr. Geiger and Ms. Geiger failed to protect HIC as their creditor when it became apparent that Eastern Sun was becoming insolvent or became insolvent. The Indemnitors' failure to fulfill their fiduciary duties to HIC constitute material breaches, the natural and proximate result of which has caused significant damages to HIC.

WHEREFORE, HIC seeks judgment against Eastern Sun Enterprises, Inc., Gordon R. Geiger, and Judith A. Geiger, jointly and severally, (1) in the principal amount of $416,991.70 for the principal losses it has paid under the performance bond in connection with the C-5 Formal Training Unit Project, (2) for all of its consultants' and attorneys' fees, costs, and expenses incurred, and (3) interest at the pre-judgment rate as authorized by the Code of Virginia, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the GIA.

Respectfully submitted,

**HUDSON INSURANCE COMPANY**

By Counsel

Richard T. Pledger (VSB No. 28102)
Archibald Wallace, III (VSB No. 6005)
Thomas J. Moran (VSB No. 71296)
Christopher A. Cheuk (VSB No. 70891)
WALLACEPLEDGER, PLLC
7100 Forest Avenue
Suite 302
Richmond, VA 23226-3742
Telephone: (804) 282-8300
Facsimile: (804) 282-2555
e-mail: rpledger@wallacepledger.com
e-mail: ccheuk@wallacepledger.com
*Counsel for Hudson Insurance Company*